## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ADA RITA PERANSI, | ) | |
| *ADMINISTRATOR OF THE ESTATE* | ) | |
| *OF DECEASED*, HAYDEE PERANSI, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 16-1068-EFM-GEB** |
| v. | ) | |
| | ) | |
| MARIA ALBARRAN-MENDOZA, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Maria Albarran-Mendoza's Motion to Proceed without Prepayment of Fees (**ECF No. 3**).  For the reasons set forth below, the Court recommends that Defendant Albarran-Mendoza's motion (**Doc. 3**) be **DENIED**.

## I.    Background[1]

This case arises from a family dispute occurring after the parties' mother, Haydee Peransi, passed away in February 2013 and has generated a barrage of pleadings.  For purposes of this recommendation, at  least two Sedgwick County District Court cases have been filed involving the administration of Ms. Peransi's estate.  First, in October 2014, Sedgwick County District Court Case No. 14 PR 1113, *In the Matter of the Estate*

---

[1] Unless otherwise indicated, the facts in this section are taken from the Notice of Removal (ECF No. 1), the State Court Records (ECF No. 4), and Plaintiff's Memorandum in Support of her Motion to Remand (ECF No. 11).  This background information should not be construed as judicial findings or factual determinations.

*of Haydee Peransi*, was filed seeking to approve the administration of the estate.  Plaintiff Ada Rita Peransi, Haydee's eldest daughter, was named administrator.  An Order of Partial Distribution was filed, which distributed funds to Haydee's heirs, including $30,000 to defendant Albarran-Mendoza, as well as some unknown amount to Plaintiff, her sister.

Plaintiff later filed a separate state court action in Sedgwick County against Defendant, claiming Albarran-Mendoza withdrew $114,000 from the estate checking account without authority and for her own personal benefit.  That second action, Case No. 15 CV 3249, was removed to this Court by Defendant on March 15, 2016.  Prior to the removal, Defendant filed a motion to dismiss (ECF No. 5, 6) and a Counterclaim against her sister and Crossclaim against counsel in the probate case (ECF No. 8). Plaintiff then filed a motion to strike the Counterclaim/Crossclaim (ECF No. 9).[2]  Since the filing of the removal, Plaintiff filed a Motion to Remand the case to Sedgwick County (ECF No. 10), arguing the Notice of Removal was filed more than 30 days after the initial pleadings were served upon Defendant, therefore failing to comply with 28 U.S.C. § 1446(b)(1).  The dispositive motions (ECF Nos. 5, 6, 9, 10) are currently pending.

## II.     Recommendation

In conjunction with the removal, Defendant Albarran-Mendoza filed a Motion to Proceed without Prepayment of Fees (**ECF No. 3**).  However, proceeding in forma

---

[2] The motions which remained pending in the state court action have now been added to this Court's pending motion docket.

pauperis in a civil case is a privilege, not a right.[3]  Under 28 U.S.C. § 1915, a federal court *may* authorize the commencement, prosecution or defense of any suit, action, or proceeding without the prepayment of fees by a person who lacks financial means.[4]  An affidavit of financial status must be submitted with an application to proceed in forma pauperis.[5]  When considering such an application, the Court must neither act arbitrarily nor deny the application on erroneous grounds.[6]  But the decision whether to grant or deny in forma pauperis status under § 1915 lies within the sound discretion of the Court.[7]

After thorough review of the pleadings filed in this case and Defendant's affidavit of financial status, the Court concludes Defendant does not qualify to proceed without payment of fees.  Although Defendant reports she is currently unemployed, she also discloses she is the recipient of an inheritance in the amount of $30,000 (Mot., ECF No. 3 at 4;  Compl. (Notice of Removal), ECF No. 1 at 5).  Defendant also admits she withdrew $114,000 from an account in June 2014 (ECF No. 4, at 90), although she claims she possessed authority as her mother's Power of Attorney.  Defendant discloses a total of $135.00 in monthly obligations,[8] and at least one unencumbered vehicle of some unknown value.   Defendant indicates she is separated from her spouse and lists no dependents who depend on her for support.

---

[3] *Baldwin v. City of Osawatomie, Kan.*, No. 07-1097-WEB, 2007 WL 1652145, at *1 (D. Kan. June 7, 2007) (citing *White v. Colorado,* 157 F.3d 1226, 1233 (10th Cir.1998).
[4] *Id.* (citing 28 U.S.C. § 1915(a)(1)).
[5] *Id.* (citing 28 U.S.C. § 1915(a)(1)).
[6] *Id.* (citing *Buggs v. Riverside Hospital,* No. 97–1088, 1997 WL 321289, at *1 (D. Kan. April 9, 1997).
[7] *Id.* (citing *Cabrera v. Horgas,* 173 F.3d 863, at *1 (10th Cir. 1999)).
[8] Defendant does list $9,840 in assorted unpaid medical bills (ECF No. 3, Sec. IV.D); however, she also indicates she remits no monthly payments toward those debts.

This Court does not address the merits of this action, because those issues are before the District Judge on the pending motions to dismiss/remand.  Regardless of the merits of her case, Defendant admits she has received at least $144,000 from her mother's estate in less than two years' time, and she fails to demonstrate this income is insufficient for which to pay the filing fee.

However, the denial of a motion to proceed in forma pauperis is a dispositive matter, and the magistrate judge should issue a report and recommendation for de novo review by the district judge rather than deny outright the Defendant's Motion to Proceed without Payment of Fees.[9]   Accordingly, the undersigned Magistrate Judge issues this Report and Recommendation that Defendant's motion be denied for the reasons stated above.

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion to Proceed without Payment of Fees (**Doc. 3**) be **DENIED**.

**IT IS THEREFORE ORDERED** that a copy of this recommendation shall be mailed to Defendant by certified mail.  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Defendant may file a written objection to the proposed findings and recommendation with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation.  Failure to make a timely objection waives appellate review of both factual and legal questions.[10]

---

[9] *See Lister v. Dept. of Treasury,* 408 F.3d 1309, 1312 (10th Cir.2005).
[10] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 15th day of April 2015.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge