IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ADA RITA PERANSI, ADMINISTRATOR
OF THE ESTATE OF HAYDEE
PERANSISE, DECEASED,

    *Plaintiff,*

vs.

MARIA ALBARRAN-MENDOZA AND
RAYMON ANTHONY MONTALVO,

    *Defendants.*

Case No. 16-01068-EFM-GEB

**MEMORANDUM AND ORDER**

    Plaintiff Ada Rita Peransi, administrator of the estate of Haydee Peransi, deceased, filed this action in state court alleging that Defendant Maria Albarran-Mendoza wrongfully and without authority withdrew money from the estate checking account. Defendant Albarran-Mendoza removed the case to federal court. Currently, there are six pending motions. Four of these motions consist of or relate to motions to dismiss by filed Defendant Albarran-Mendoza and Plaintiff in state court (Docs. 5, 6, 7, and 9). The two remaining motions are Plaintiff's Motion to Remand (Doc. 10) and Plaintiff's Motion for Clarification of Pending Matters and Supplement to Plaintiff's Memorandum in Support of Motion to Remand (Doc. 16). As set forth below, the Court finds that the case should be remanded to state court, but it declines to grant

Plaintiff all of its requested relief.  Therefore, the Court grants in part and denies in part Plaintiff's Motion to Remand.  All other motions are denied as moot.

## I.        Factual and Procedural Background

The facts of this case relate to the administration of the estate of Haydee Peransi.  This estate was administered in Sedgwick County District Court through case number 14 PR 1113, *In the Matter of the Estate of Haydee Peransi, Deceased*.  On November 10, 2014, the Probate Department of Sedgwick County District Court issued an order appointing Plaintiff administrator of the estate.  On March 23, 2015, Defendant Albarran-Mendoza filed a "Petition to Uphold and Admit Will to Probate (and Contest Distribution of Settlement Cash)."  However, that petition was later withdrawn, and on March 31, 2015, the Probate Department issued an Order for Partial Distribution distributing funds to the heirs of Haydee Peransi.  One of these heirs was Defendant Albarran-Mendoza, who acknowledged receipt of her $30,000 distribution.

Plaintiff subsequently filed this case in Sedgwick County District Court on December 23, 2015.  The Petition alleges, in part, that Defendant Albarran-Mendoza wrongfully and without authority withdrew $114,000 from the estate checking account for use of her own personal benefit.[1]  Defendant Albarran-Mendoza was personally served with Summons and a copy of the Petition on January 6, 2016.  Proceeding pro se, Defendant Albarran-Mendoza then filed a counterclaim against Plaintiff and a cross claim against Plaintiff's attorneys alleging violations of her Fourteenth Amendment rights.

---

[1] The Petition also states that Defendant Anthony Montalvo, who is Defendant Albarran-Mendoza's cousin, appeared as record owner of two parcels of residential real property in Sedgwick County, Kansas, and that Defendant Montalvo denied any ownership of such property and agreed to quitclaim the property to the estate. The Petition asks the Court for an Order directing sale of the real property to be applied in satisfaction of any judgment against Defendant Albarran-Mendoza.  Defendant Montalvo has been terminated as a Defendant in this case.

On March 15, 2016, Defendant Albarran-Mendoza filed a Notice of Removal, removing this case to federal court. Three days later, Plaintiff filed a Motion to Remand, asking the Court to remand the case to Sedgwick County District Court, for costs, for attorneys' fees in the amount of $2,500, and for an order from this Court prohibiting Defendant from filing any further pleadings or discovery requests without prior approval or authorization by this Court. Defendant did not respond to Plaintiff's motion. Therefore, it is ripe for the Court's consideration.

## II.    Analysis

A defendant may remove any state court civil action if a federal court has original jurisdiction over the claim.[2] In addition to lack of subject matter jurisdiction, an action may be remanded back to state court because of defects in the removal procedure.[3] Procedural defects include an untimely notice of removal or any failure to comply with the procedural requirements of 28 U.S.C. § 1446(b).[4]

Plaintiff contends that Defendant's removal was improper because it was made more than thirty days after the Petition was served on her. 28 U.S.C. § 1446(b)(1) states:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Plaintiff served the Summons and a copy of the Petition on Defendant on January 6, 2016. Defendant did not remove this case until March 15, 2016, which is more than thirty days after

---

[2] 28 U.S.C. § 1441(a).

[3] *See* 28 U.S.C. § 1447(c); *Henderson v. Holmes*, 920 F. Supp. 1184, 1186 (D. Kan. 1996).

[4] *Sheet Metal Works Int'l Ass'n, AFL-CIO v. Seay*, 693 F.2d 1000, 1005 n.8 (10th Cir. 1982); *Henderson*, 920 F. Supp. at 1186 (citations omitted).

receiving a copy of the initial state court proceedings. Therefore, the Court finds Defendant's notice of removal procedurally defective and remands the case to Sedgwick County District Court.

The Court also finds that the case should be removed based on Defendant's failure to respond to Plaintiff's Motion to Remand. D. Kan. Rule 6.1(d)(2) states that "Responses to . . . motions to remand . . . must be filed and served within 21 days." Under D. Kan. Rule 7.4(b), if a responsive brief or memoranda is not filed "within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." Plaintiff's motion was filed on March 18, 2016, and Defendant did not file a response. Therefore, the Court may grant the motion without further notice.

Plaintiff also asks the Court to order Defendant to pay the costs and attorneys' fees she incurred as a result of the removal and to prohibit Defendant from filing any additional pleading or discovery request without the Court's approval. Under 28 U.S.C. § 1447(c), an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[T]he standard for awarding fees should turn on the reasonableness of the removal."[5] "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."[6]

---

[5] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

[6] *Id.* (citations omitted).

Defendant Albarran-Mendoza's removal was procedurally defective because she did remove the case within the thirty day time limit set forth in 28 U.S.C. § 1446(b).  Therefore, the basis for removal was not objectively reasonable, and the Court grants Plaintiff's requests for costs and attorneys' fees.  Although Plaintiff requests attorney fees in the amount of $2,500.00, Plaintiff has not supported this request with the documentation required in D. Kan. Rule 54.2.  Therefore, the Court orders Plaintiff to look to that Rule and provide the appropriate documentation for requesting fees.

Finally, with regard to Plaintiff's request that the Court prohibit Defendant Albarran-Mendoza from filing any further pleadings or discovery requests, the Court finds this futile.  The case is being remanded back to state court.  Defendant has no need to file any further pleadings or discovery requests before this Court.  Therefore, this request is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Doc. 10) is **GRANTED IN PART AND DENIED IN PART**.  Under 28 U.S.C. § 1447(c), the Court remands this action to the District Court of Sedgwick County, Kansas.  The Court orders Defendant Albarran-Mendoza to pay to Plaintiff the costs and expenses, including attorneys' fees, incurred as a result of the removal.  In that regard, the parties shall follow the procedures set forth in D. Kan. Rule 54.2.  On or before July 15, 2016, Plaintiff shall file the requisite stipulation and request for order, or statement of consultation and memorandum in support of its request for fees.

**IT IS FURTHER ORDERED** that Defendant Albarran-Mendoza's Motion to Dismiss (Doc. 5) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendant Albarran-Mendoza's Motion to Amend/Correct Motion to Dismiss (Doc. 6) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendant Albarran-Mendoza's Motion to Dismiss (Doc. 7) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Counterclaim, CrossClaim (Doc. 9) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Clarify Pending Matters and Supplement to Plaintiff's Memorandum in Support of Motion to Remand (Doc. 16) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated this 30th th day of June, 2016.

*[signature: Eric F. Melgren]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE